REISSUED FOR PUBLICATION

SEP 02 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1558V
### Filed: August 7, 2020
UNPUBLISHED

|  |  |
|---|---|
| JEANEE STOKES and CASEY STOKES, parent and legal representatives of the Estate of O.S., deceased,,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner<br><br>Decision Dismissing Petition; Sudden Infant Death Syndrome (SIDS); *Boatmon* Decision; Failure to Prosecute; Failure to Comply with Orders |

*Jeanne Stokes and Casey Stokes, pro se, Hixson, TN.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On October 7, 2019, petitioners filed a petition on behalf of their child, O.S., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that the Pediatrix, pneumococcal, and rotavirus vaccinations administered on October 23, 2017, caused the death of their child on October 25, 2017.  (ECF No. 1.)[2]

### I.      Procedural History

Pursuant to the Initial Order filed on October 22, 2019, petitioners filed medical records to support their claim, including maternal prenatal and delivery records, newborn hospital records, proof of vaccination, VAERS report, death certificate, and

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] "ECF No." refers to the location of each document on the court's electronic docket for this case.

autopsy results.  (ECF No. 11.)  Upon my review, the records confirmed that O.S.'s cause of death is sudden unexpected death in infancy or Sudden Infant Death Syndrome ("SIDS").  (ECF No. 11, pp. 8, 13.)

On December 19, 2019, I issued an order explaining to petitioners that prior cases that have alleged that SIDS was vaccine-related have failed to prove causation and have been dismissed.  For their reference, I attached a copy of the Federal Circuit's decision *Boatmon v. Secretary of Health & Human Services*, 941 F.3d 1351 (Fed. Cir. 2019), a case dismissing a case involving similar SIDS allegations.  (ECF No. 12.)  In *Boatmon*, the Federal Circuit rejected an expert medical opinion seeking to link vaccinations to SIDS via a leading theory of SIDS (the triple risk model).  Because Federal Circuit decisions are binding as to legal conclusions, I explained that in order to proceed with this case, petitioners would need to present a persuasive theory of general causation distinct from what was presented in *Boatmon*.  (*Id.* at 2.)

On March 20, 2020, respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 14.)  Respondent similarly explained that "to prevail in this case, petitioners must establish both the vaccine-related injury from which O.S. suffered that led to his death, as well as provide an expert opinion setting forth a theory different than that set forth in *Boatmon* and other cases in recent years in the Vaccine Program." (*Id.* at 4.)

Subsequently, in my Scheduling Order of March 23, 2020, I again explained to petitioners that pursuit of this claim will likely require significant time and resources in light of the prior *Boatmon* case, which was extensively litigated and finally resolved on appeal before the Federal Circuit.  (ECF No. 15.)  I gave petitioners an opportunity to consider whether they wished to continue pursuing their claim; however, I stressed that "if petitioners intend to continue with their case, it is now time for petitioners to act."  (*Id.* at 1.)  I explained that the next step will be for them to hire a qualified medical expert to offer an opinion that O.S.'s death was vaccine-caused.  (ECF No. 15, pp. 1-2.)  I ordered petitioners to file a status report by no later than April 24, 2020, indicating how petitioners intend to proceed.  However, no status report was filed by petitioners.

Because no response was received, on May 18, 2020, I issued an Order to Show Cause.  (ECF No. 16.)   I explained to petitioners that they had failed to respond to my prior order of March 23, 2020, and that this places their case in jeopardy of involuntary dismissal.  (*Id.* at 1.)  I explained to petitioners that they did not need to file an expert opinion at this time but did need to file a status report by no later than July 20, 2020, confirming that they intend to proceed.  I warned that "if petitioners do not respond to this order, this case will be dismissed."  (*Id.* at 2.)  I directed that the clerk mail a copy of the order to petitioner with return receipt.  (*Id.*)  A U.S. Priority Mail tracking number is recorded on the docket.  (ECF No. 16.)  It confirms that the Order to Show Cause was delivered on May 26, 2020, at 2:44PM.  However, as of this date, no response has been filed.

## II.     Discussion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that the vaccinee suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that the vaccinee suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy the burden of proving causation in fact, a petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for a petitioner based solely on his or her allegations unsubstantiated by medical records or medical opinion.  No "Table Injury" was alleged in this case. Nor did an examination of the record uncover any evidence that O.S. suffered a "Table Injury."  Further, the medical records do not contain preponderant evidence indicating that O.S.'s death was vaccine-caused or in any way vaccine-related. Nor have petitioners filed any expert medical opinion to support their allegations.

Additionally, under Vaccine Rule 21(b), the special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, petitioners were given multiple opportunities to address the issues raised in my previous orders.  However, petitioners failed to comply with my orders and have not completed any filings since filing medical records on November 27, 2019.

Accordingly, although petitioners have my deepest sympathies for the loss of their child, I **DISMISS** this petition for failure to prosecute and for insufficient proof.

## III.     Conclusion

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.